# United States Court of Appeals
## For the First Circuit

No. 16-1725

VALENTINE UNDERWOOD,

Plaintiff, Appellee,

v.

PATRICK BARRETT; ANTHONY CATALANO; JEFFREY CLEMENT; BRIAN
DEVLIN; MICHAEL MCDONALD; ANTHONY FALCIANO; LEO MARCHAND; STUART
MCCULLOCH; WILLIAM SHUGRUE,

Defendants, Appellants,

DOUGLAS BOWER; CORRECTIONAL OFFICER SWEETS, f/k/a John Doe
(Sweets); DONALD DENOMME; JEFFREY FISHER; MICHAEL GRANT; JACK
HAUGHEY; JASON LANPHER; ABBY NELLIGAN; JAMES NELSON; DINARTE
REGO; JAMES J. SABA; SEAN SMITH; LUIS S. SPENCER,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Torruella, Thompson, and Kayatta,
Circuit Judges.

Nancy Ankers White, Special Assistant Attorney General, and
Charles W. Anderson Jr., Sentencing Counsel, Department of
Correction, on brief for appellants.
Valentine Underwood on brief pro se.

May 17, 2019

**Per curiam**.  When plaintiff refused to exit a prison recreation cage to be brought to a new cell, prison officials used oleoresin capsicum ("pepper spray"), physical force, and handcuffs to secure his compliance with the officials' orders.  Plaintiff subsequently brought this lawsuit under 42 U.S.C. § 1983, alleging the use of excessive force in violation of the Eighth Amendment to the U.S. Constitution.

The prison officials eventually moved for summary judgment, contending that, at the very least, they were entitled to qualified immunity.  See Gray v. Cummings, 917 F.3d 1, 10 (1st Cir. 2019) ("[G]overnment official[s] may invoke the defense of qualified immunity when [their] actions, though causing injury, did 'not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'") (quoting Conlogue v. Hamilton, 906 F.3d 150, 154 (1st Cir. 2018)).  After the district court denied the motion, the prison officials appealed.

The record contains two versions of the relevant interaction between plaintiff and prison officials as they attempted to move him from the recreation cage.  One version is the plaintiff's description of what happened.  The other version is a videotape of the interaction taken by prison officials.  No one disputes the authenticity of the video evidence.  Nor is there

any claim that it was doctored in any way. The two versions conflict in several apparently crucial respects. Under plainly controlling law, the district court's job was to decide whether the video evidence "blatantly contradicted" the plaintiff's version of events, in which case the court's next job was to determine if, viewing the facts in the light depicted by the video evidence, the prison official violated plaintiff's constitutional rights. See Scott v. Harris, 550 U.S. 372, 377 (2007) (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)); id. at 380-81 ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

The district court conceded that the video evidence was "compelling," but opted to reject the teaching of Scott, explaining that it preferred the contrary view expressed in both Justice Stevens's Scott dissent, see id. at 395 (Stevens, J., dissenting) (opining that the Court improperly "usurped the jury's factfinding function"), and in what the district court described as an "academic consensus" favoring the dissent.

In so proceeding, the district court failed to fulfill its obligation to follow the law as set forth in controlling precedent. Id. at 380 (majority opinion); Agostini v. Felton, 521

- 4 -

U.S. 203, 238 (1997) (noting that the district courts are bound by Supreme Court decisions "unless and until this Court reinterpreted the binding precedent"). Because the denial of the qualified immunity defense was predicated on this error of law, it is appealable. See Ashcroft v. Iqbal, 556 U.S. 662, 672 (2009) (holding that an order denying a dispositive motion that "turned on an issue of law and rejected the defense of qualified immunity" was a final decision for purposes of 28 U.S.C. § 1291). We therefore vacate the district court's denial of the motion for summary judgment, and remand the case to another district court judge for further proceedings consistent with the law. See United States v. Hernández-Rodríguez, 443 F.3d 138, 148 (1st Cir. 2006) (remanding for proceedings before a different district court judge in order to allay "the possible appearance of injustice").